UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROJELIO ROGER GALINDO,<br><br>      Plaintiff,<br><br>      v.<br><br>ROBERTO GONZALES, *et al.*,<br><br>      Defendants. | Civil Action No. 08-0627 (ESH) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on review of plaintiff's *pro se* complaint. Plaintiff is a federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas. He has sued the United States Attorney General, the Federal Bureau of Prisons ("BOP"), various employees of BOP, a private attorney, and an unnamed roofing contractor regarding injuries he allegedly sustained when roofing material landed on his head while he was incarcerated at the Federal Correctional Institution in Texarkana, Texas. Plaintiff, who is Mexican American, alleges that the federal government defendants and the roofing contractor "engaged in a conspiracy to deprive [him] of his rights to proper medical care and treatment" and that the federal government defendants exhibited "deliberate indifference to his medical needs" in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments, 42 U.S.C. § 1985, and various other statutes.[1] (Compl. ¶¶ 2, 19, 28, 73, 78, 80, 79-95, 103.) He also alleges that the private attorney who he retained to file a civil suit regarding the incident involving the roofing material

---

[1] Defendant also alleges that these acts violated the First and Fourth Amendments. (Compl. ¶ 85.)

engaged in malpractice and provided ineffective assistance of counsel. (*Id.* ¶¶ 65, 99-102.) He seeks compensatory and punitive damages and costs. Because the Court concludes that venue is more appropriate in the Western District of Texas, the Court will *sua sponte* transfer the case there.

Pursuant to 28 U.S.C. § 1391(e):

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) the plaintiff resides if no real property is involved in the action.

Under this standard, venue is not improper in the District of Columbia, as the BOP is headquartered in the District, and the United States Attorney General maintains his official residence here.[2] *See Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties." (internal quotation and citation omitted)).

The propriety of venue in the District of Columbia, however, does not resolve the matter, since "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There is no question that this case "might have been brought" in the Eastern District of Texas (where the alleged injury involving the roofing material occurred) or in

---

[2]Plaintiff sues the Attorney General in both his official and personal capacities.

the Western District of Texas (where plaintiff is now incarcerated and where, according to plaintiff, the conspiracy to deprive him of medical treatment continued following his transfer to the La Tuna facility (Compl. ¶ 17)).[3] Moreover, it is evident that either of those districts is a more appropriate forum for plaintiff's claims. The District of Columbia has no connection whatsoever to the facts of this case. *See Kirby v. Mercury Sav. & Loan Ass'n*, 755 F. Supp. 445, 448 (D.D.C. 1990) (transferring *sua sponte* a case having "virtually nothing to do with th[e] jurisdiction"). By contrast, the Eastern and Western Districts of Texas have every connection to the action. Accordingly, "given the likelihood that witnesses and relevant evidence are maintained [in Texas] and given the difficulty of transferring plaintiff for purposes of pursuing this litigation, the Court concludes that transfer . . . is both convenient for the parties and is in the interest of justice." *Metcalf v. Fed. Bureau of Prisons*, 530 F. Supp. 2d 131, 135 (D.D.C. 2008). While the case could appropriately be transferred to either the Eastern or the Western District of Texas, the Court concludes that transfer to the United States District Court for the Western District of Texas is the more appropriate action given that plaintiff currently resides there and alleges that defendants' illegal actions continued to occur there.

Accordingly, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1406(a), the Clerk's Office is directed to **TRANSFER** this case to the United States District Court for the Western District of Texas.

**SO ORDERED.**

---

[3]Not only is plaintiff's residence for purposes of venue the place of his incarceration, *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) (en banc), but based on plaintiff's claim that defendants continued their illegal conduct at the facility where he is currently incarcerated, a substantial part of the events or omissions giving rise to the claim appear to have occurred in the Western District of Texas.

                                                              /s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date: May 8, 2008